IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY BARNUM, #02345234 | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-1060 |
| GRAYSON COUNTY, *et al.*, | § § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration three Reports and Recommendations of the United States Magistrate Judge in this action (Dkt. #67, #68 & #72), this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

On January 14, 2025, the Magistrate Judge entered a Report and Recommendation (Dkt. #67) containing proposed findings of fact and recommendations that the Defendants' Motion to Dismiss (Dkt. #20) be granted and that Plaintiff's claims against Defendants Grayson County, Grayson County Sheriff Tom Watt, First Assistant District Attorney Kerrye Ashmore, Grayson County Lieutenant Brian Bartley, Grayson County Correction Officers Timothy Turner, Amy White, FNU Reyna, Tameeka Gentry, and Max Moore be dismissed with prejudice for failure to state a claim upon which relief can be granted. In a second Report and Recommendation, entered the same day (Dkt. #68), the Magistrate Judge recommended denying Plaintiff's Motion for Default Judgment (Dkt. #55) and Motion for Sanctions (Dkt. #60). Finally, on January 21, 2025, the Magistrate Judge entered a third Report and Recommendation (Dkt. #72), recommending Plaintiff's Proposed First Amended Complaint (Dkt. #34) be denied as improperly filed and, alternatively, as futile, and recommended that it be struck from the record.

Plaintiff filed objections on February 12, 2025 (Dkt. #73), and a Motion to Supplement Objections on February 25, 2025 (Dkt. #74). Defendants filed a Response, arguing that the objections are untimely and over 8 pages in contravention of Local Rule CV-72(c) (Dkt. #75).

The Court liberally construes the Motion to Supplement Objections as Objections to the Report and Recommendation, which will be considered on the merits. As to the timeliness of the objections, it is unclear from the record the actual date Plaintiff placed his objections in the mail under the prison mailbox rule. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (per curiam) (stating that "for purposes of F.R.C.P. 72(b), a *pro se* prisoner's written objections to a magistrate's report and recommendation must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court"); *see also Walker v. Savers*, 583 Fed. App'x 474, 475 (5th Cir. 2014) (applying the holding in *Thompson* and remanding the case to the district court to determine whether the *pro se* prisoner's written objections to the magistrate's report and recommendation were timely filed under the prison mailbox rule). As a result, the Court cannot determine the date they were placed in the prison mail and will consider them as timely. And although the objections are over the 8-page limitation under the local rule, the objections are addressing three separate Reports and Recommendations. The Court will therefore consider the objections as submitted.

Many of the objections are refuted by the record, and they generally add nothing to Plaintiff's prior contentions. To the extent Plaintiff argues that the Magistrate Judge erred in considering Defendants' Motion to Dismiss, as it was mooted by a later amendment, that argument fails. As the Magistrate Judge stated, the amendment was filed past the designated deadline (despite two extensions), was procedurally improper, and, alternatively, was futile (Dkt. # 72). The Defendants objected to the late amendment and sought clarification from the Court regarding

whether and when a response was due (Dkt. #37). There is no basis in the record to support Default Judgment based on the Defendants' alleged failure to respond to Plaintiff's amended complaint that was late, procedurally improper, and futile. The entry of default judgment is appropriate only where there has been a clear record of delay or contumacious conduct. *E.F. Hutton Co., v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972).

Furthermore, as the Magistrate Judge noted, many of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as his claims relate to his underlying state court conviction (Dkt. #67). Although Plaintiff attempts to argue that he cannot pursue his claims in a habeas petition pursuant to 28 U.S.C. § 2254 because he lacks the legal materials that he asserts were illegally confiscated from him, the court notes that Plaintiff has since filed a federal application for writ of habeas corpus making many of the same allegations. *Barnum v. Director*, No. 4:24-CV-930 (E.D. Tex.). The Magistrate Judge in that case has ordered the Government to Show Cause (Dkt. #3), and a response is currently pending. Finally, the Court observes that, contrary to Plaintiff's argument, he has had continued and full access to the courts. Plaintiff was represented by trial counsel in his state criminal proceedings, who raised many of the same issues in pretrial proceedings, and has been fully heard on his present claims in this § 1983 complaint. Plaintiff's claim of denial of access to courts is frivolous.

In short, Plaintiff fails to show that the Reports are in error or that he is entitled to relief. The Reports of the Magistrate Judge, which contain proposed findings of fact and recommendations for the disposition of such action, have been presented for consideration. Having made a *de novo* review of the objections raised by Plaintiff to the Reports, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby

adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #20) is **GRANTED**. Plaintiff's claims against Defendants Grayson County, Grayson County Sheriff Tom Watt, First Assistant District Attorney Kerrye Ashmore, Grayson County Lieutenant Brian Bartley, Grayson County Correction Officers Timothy Turner, Amy White, FNU Reyna, Tameeka Gentry, and Max Moore are **DISMISSED WITH PREJUDICE**; this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and the Clerk of Court is directed to **CLOSE** this civil action. It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 13th day of March, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE